```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :     THIRD
                                 :     SUPERSEDING INDICTMENT
           - v. -                :
                                 :     S3 19 Cr. 291 (LAP)
CURLTEN OTIDUBOR,                :
                                 :
             Defendant.          :
                                 :
- - - - - - - - - - - - - - - - X
```

**COUNT ONE**

(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

Overview

1. From at least in or about July 2016, up to and including the present, CURLTEN OTIDUBOR, the defendant, and others known and unknown, participated in a scheme to defraud businesses and individuals (the "Victims") by using false and misleading representations and omissions to induce the Victims to wire a total of more than $3.5 million to the defendant and other members of the scheme.

2. As part of CURLTEN OTIDUBOR's, the defendant's scheme, various means and methods were used to make false and misleading representations and omissions to the Victims, including but not limited to the following:

    a. Victims were sent email messages that appeared to be, but were not, from legitimate business counterparties

("Legitimate Business Counterparties"). The emails included instructions to the Victims to wire payment into bank accounts that appeared to be for the benefit of the Legitimate Business Counterparties, but were actually under the control of the defendant and other members of the scheme;

b.   At least one Victim ("Victim-1") received email messages, text messages, and telephone calls offering Victim-1 the opportunity to invest in oil, on the condition that Victim-1 wire upfront payments into bank accounts purportedly affiliated with the oil investment opportunity but actually opened by and under the control of co-conspirators not named herein; and

c.   At least one Victim ("Victim-2") received email messages, text messages, and telephone calls from an individual purporting to be a female with romantic intentions towards Victim-2 and requesting that Victim-2 wire payment into a bank account further to establishing a romantic relationship when, in fact, that bank account was actually opened by and under the control of a co-conspirator not named herein.

3.   The bank accounts into which the Victims were instructed to wire payments were opened and maintained by CURLTEN OTIDUBOR, the defendant, and others known and unknown, in the names of shell companies, of the defendant, or of other scheme participants.  OTIDUBOR purported to create a shell company in or about September 2018 and used the shell company to

2

open at least one bank account into which proceeds of the fraud were wired.

## Statutory Allegation

4. From at least in or about July 2016 up to and including at least in or about the present, in the Southern District of New York and elsewhere, CURLTEN OTIDUBOR, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

5. It was a part and object of the conspiracy that CURLTEN OTIDUBOR, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

**FORFEITURE ALLEGATION**

6. As a result of committing the offense alleged in Count

3

One of the Indictment, CURLTEN OTIDUBOR, the defendant, shall forfeit to the United States, pursuant to United States Code, Sections 981(a)(1)(C) and 982(a)(2), any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Asset Provision

7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the

forfeitable property described above.

        (Title 18, United States Code, Sections 981 and 982;
           Title 21, United States Code, Section 853;
           Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

CURLTEN OTIDUBOR,

                            Defendant.

**THIRD SUPERSEDING INDICTMENT**

S3 19 Cr. 291 (LAP)

(18 U.S.C. § 1349.)

GEOFFREY S. BERMAN
United States Attorney

*/s/ Tracy Mitchell*
Foreperson

12/17/19 — Filed Sperseding Indictment

USMJ Fox

MG